IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                    CASE NO. 1:89-cr-01008-MP-AK

THEODORE DWAYNE WHITFIELD,

        Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 174, a motion for reconsideration of this Court's

order at Doc. 173, denying Mr. Whitfield's motion for a sentence reduction under 18 U.S.C. §

3582(c).  In that order at Doc. 173, the Court applied only Amendments 706 and 711 to Mr.

Whitfield's case.  After the order was entered, however, Amendment 715 to Sentencing

Guidelines was promulgated and made retroactively applicable.  The Court will now reconsider

Mr. Whitfield's case to apply Amendment 715.  However, even after reconsideration, the Court

finds that no sentence reduction is appropriate.

At sentencing, the Court stated that the Presentence Report was complete, true and

accurate, and therefore made the following findings concerning drug amounts.  Defendant is

responsible for 4,411 grams of cocaine base (see ¶ 9 of the Presentence Report at Doc. 133).

Under Application Note 10 of Sentencing Guidelines § 2D1.1, as amended by Amendment 715,

this corresponds to 88,220 kg of marijuana equivalency. (4411 g x 20 kg/g = 88,220 kg).  Also,

Defendant was found responsible for 4,368 grams of powered cocaine (78 weeks at 56 grams per

week, see ¶ 8 of the Presentence Report).  This corresponds to a marijuana equivalency of 873.6

kg (4368 g x .2 kg/g = 873.6 kg).  When added together this yields 89,093.6 kg of marijuana.

Under the Drug Quantity Table at § 2D1.1(c), any amount of marijuana over 30,000 kg triggers

Base Offense Level 38.  Under Application Note 10(D)(i), as amended by Amendment 715, if

cocaine base and other controlled substances are involved, the Court reduces the base offense

level by two, bringing Defendant's base offense level to 36.  With a two-point enhancement for

being in a leadership role in the offense, Mr. Whitfield's total offense level is 38, with a criminal

history category of II.   When Mr. Whitfield was originally sentenced, his total offense level was

also 38 and his sentencing range was 262-327 months.[1]  Thus, under the Amended Guidelines,

his sentencing range has not changed. It is still 262-327, because of the quantity of drugs

attributed to him.  Because the amendment does not lower the guideline range applicable to this

defendant, § 1B1.10(a)(1) does not permit the Court to reduce the original sentence.

Accordingly it is hereby

**ORDERED AND ADJUDGED:**

The motion for reconsideration (Doc. 174) is granted to the extent that the Court has
considered the application of Amendment 715 to Defendant, but is denied in all other
respects.  No reduction of sentence is appropriate.

**DONE AND ORDERED** this  *10th*  day of December, 2008

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge

---

[1]The Defendant, in the motion to reconsider, argues that his original base offense level
was 38, not 36, and that his original total offense level (after the enhancement for role in the
offense) was 40, not 38.  The Court has thoroughly reviewed the Presentence Report in this case
and can find no support for Defendant's assertion.  (see ¶ 9 of the Presentence Report at Doc.
133).